## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS S. HAY, ) | |
|      o/b/o VICKI J. HAY, deceased ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 17-1218-JWL |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
|    Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a partially favorable decision of the Acting

Commissioner of Social Security (hereinafter Commissioner) denying Disability

Insurance Benefits (DIB) for 2007 and 2008 but awarding benefits thereafter pursuant to

sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423

(hereinafter the Act) continuing until the death of Plaintiff's decedent (hereinafter

claimant) on May 27, 2016.  Because both parties acknowledge error in the

Commissioner's decision after remand, and finding no justification to remand for an

immediate award of benefits as Plaintiff requests, the court ORDERS that the

Commissioner's final decision after remand shall be REVERSED and that judgment shall

be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case

for further proceedings consistent with this opinion.

## I.    Background

Plaintiff seeks judicial review of a decision of the Commissioner made after remand by another court of this district.  (Doc. 1).  Plaintiff argues that the Administrative Law Judge (ALJ) erred in failing to comply with the order of the district court remanding the prior case.  He argues that the ALJ failed to "determine whether [the claimant] engaged in SGA [(substantial gainful activity)] under <u>Test One</u>" of the regulation regarding evaluation of the work activity of a self-employed person, as required by the court's remand order.  (Doc. 11, p.12 (hereinafter Pl. Br.) (emphasis in original) (citing 20 C.F.R. § 404.1575(a)(2)).  Plaintiff seeks remand for an immediate finding that the claimant was disabled beginning January 1, 2007, reinstatement of the overpayment claimed by the Social Security Administration (SSA), an order to reimburse Plaintiff with interest for the EAJA (Equal Access to Justice Act) fees wrongfully seized, and an award of attorney fees in this case pursuant to both the Social Security Act and the EAJA.  <u>Id.</u> at 12-13.

The court's review is guided by the Act.  <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007); <u>accord</u>, <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether she

3

has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.   Analysis

After Plaintiff filed his Social Security Brief, the Commissioner filed a Motion to Remand for Further Proceedings (Doc. 15) (hereinafter Comm'r Mot.), in which she conceded that remand pursuant to sentence four of 42 U.S.C. § 405(g) is appropriate and represented that upon remand "the ALJ will further evaluate the claimant's work activity

in accordance with 20 CFR 404.1575 and Social Security Ruling 83-34 and make new findings regarding whether the claimant engaged in substantial gainful activity during the period from January 2007 through December 2008." (Comm'r Mot. 1). She informed the court that Plaintiff opposed remand for further proceedings and wanted remand for an immediate award of benefits, but she argued that "further proceedings are necessary because there are unresolved factual issues." Id. at 2. She argues that an immediate award is proper only where the record is clear that the claimant was disabled during the relevant period, and that further proceedings are necessary here because the record must be developed regarding what an unimpaired self-employed individual earned in a similar job in the relevant community during the relevant time, in accordance with test three of the regulation regarding evaluation of the work activity of a self-employed person, as applied by the ALJ on remand. Id. at 2-3.

Plaintiff responded that applying test three "was not the ALJ's assigned task," but he was required to apply test one in accordance with the remand order. (Pl. Resp. 1-2). He argues that because of the passage of time an ALJ will be unable to develop evidence regarding what an unimpaired self-employed individual earned in a similar job in the relevant community during the relevant time in accordance with test three of the regulation, and that the Commissioner should not "be given a third bite of the apple." Id. at 3-4 (emphasis in original). He argues that reversal and remand for an immediate award of benefits is appropriate in this case because it has been more than eleven years since the claimant first applied for DIB in 2007, and she has died in the interim. (Pl. Resp. 5-9) (citing cases supporting the proposition). The Commissioner replies that on remand she

was not precluded from considering all the tests regarding SGA, in accordance with the regulation, because the court in the prior case determined that the ALJ had not correctly applied test one, and the regulation requires that if test one is not met, the SSA "will consider tests two and three." (Reply 2) (quoting 20 C.F.R. § 404.1575(a)(2)). She reiterates her argument that remand for additional fact finding is necessary, and distinguishes the cases cited by Plaintiff in seeking an immediate award of benefits. Id. at 4-6.

The court accepts the parties' representation that the ALJ erred in evaluating the claimant's work activity in 2007 and 2008 and that remand is necessary in this case. The issues are whether the ALJ exceeded the scope of the remand in this case and whether remand for an immediate award of benefits is appropriate in the circumstances.

### A.    Scope of the Remand

In its decision in the earlier case, the district court found "that the Commissioner's decision is not supported by substantial evidence" and "reversed and remanded for further proceedings." (R. 372). The court first found that the Commissioner's action constituted a denial of benefits rather than a termination of benefits and it was the claimant's burden to "establish that she was not performing substantial gainful activity" in 2007 and 2008. (R. 376). Thereafter, it considered the specific issue of substantial gainful activity. Id. 376-80. The court concluded its analysis:

> Here, the AU discussed in detail plaintiff s 2007 and 2008 tax returns but provided no analysis as to whether this reported income was all "earned." Nor did she provide any analysis as to whether any of the above listed items needed to be deducted to determine plaintiff's "countable income." The

6

ALJ's decision should include a proper discussion of substantial income on remand.

Id. at 380.  It then ordered remand "for further proceedings consistent with this memorandum and order."  Id.

The ALJ is correct that "the Appeals Council has directed the undersigned to further evaluate the claimant's work activity in accordance with 20 CFR 404.1575 and Social Security Ruling 83-34 and make new findings regarding whether the claimant engaged in substantial gainful activity after the alleged onset date."  (R. 346) see also (R. 388) (same).  And, the Appeals Council's understanding of the court order is correct. While it is true that the court found that the ALJ in the earlier decision applied test one for determining whether the claimant engaged in substantial gainful activity during the period from January 2007 through December 2008 (R. 378-79), it did not find that test one was exclusive, and it did not remand for the limited purpose of properly applying test one.  Rather, it noted that "[t]he ALJ's decision should include a proper discussion of substantial income on remand."  (R. 380).  Moreover, the court quoted the entirety of 20 C.F.R. § 404.1575(a)(2) which included the instruction that "[i]f you have not engaged in substantial gainful activity under test one, then we will consider tests two and three."  (R. 378) (quoting 20 C.F.R. § 404.1575(a)(2)).  The Commissioner was not limited to applying test one on remand, but was required to make findings regarding whether the claimant engaged in substantial gainful activity after the alleged onset date.  That is precisely what occurred.  The ALJ determined that pursuant to test three the claimant engaged in SGA in 2007 and 2008 but not thereafter (R. 350-51), and she consequently

found that the claimant was disabled within the meaning of the Act from January 1, 2009 through the date of her death.  (R. 353).

### B.    Remand for an Immediate Award

Whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the district court.  Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)).  In 2006, the Tenth Circuit noted two factors relevant to remand for an immediate award of benefits:  Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'"  Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006) (quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)).

The decision to direct an award should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits.  Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986).  Nevertheless, the Commissioner is not entitled to adjudicate a case ad infinitum until she correctly applies the proper legal standard and gathers evidence to support her conclusion.  Sisco, 10 F.3d at 746.

Plaintiff makes a compelling argument that this case should be remanded for an immediate award of benefits because the Commissioner has not gotten it "right" in more

than eleven years and in two trips to the district court, and she should not be given a third bite at the apple attempting to properly decide the case. However, there are other considerations weighing against an immediate award. Primarily, the evidence is not uncontradicted that the claimant did not perform substantial gainful activity in 2007 and 2008. To be sure, a great deal of the fault for this state of affairs is attributable to the Commissioner for failing to properly consider the issue of SGA in 2007 and 2008. However, the burden of proof regarding SGA is on the claimant, not the Commissioner, and she was the one that structured her income in those years to reflect SGA. Moreover, although two years of potential benefits remain at issue, the decision in this case found the claimant disabled from January 1, 2009 through the date of claimant's death in 2016, and presumably benefits have been awarded for that period. Remand is necessary for the Commissioner to properly apply test three of the regulation.

**IT IS THEREFORE ORDERED** that the decision after remand shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated April 11, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**